**COMMONWEALTH**
v.
**Ann Marie WALKER**

**Nos. 75870 & 75871**

Superior Court
Commonwealth of Massachusetts

**February 19, 1982**

**John Corbett,** counsel for plaintiff.
**Robert Fandel,** counsel for defendant.

### MEMORANDUM AND ORDER ON MOTION FOR RECONSIDERATION

Ann Marie Walker is an indigent criminal defendant represented by the Massachusetts Defenders Committee. She has been convicted of assault and battery after a jury trial upon charges of assault and battery with a dangerous weapon (shod foot) and two counts of unarmed robbery. Upon the eve of her trial in early November, 1981, the Assistant District Attorney revealed for the first time that he had just learned that one of the arresting police officers was prepared to testify to an inculpatory statement by Miss Walker with reference to one of the unarmed robbery counts. Defense counsel promptly sought to schedule a preliminary polygraph examination at the expense of the Massachusetts Defenders Committee. As is now apparently the common practice, defense counsel wished to see how his client would fare before moving for a polygraph examination pursuant to the procedure outlined in **Commonwealth v. A Juvenile,** 365 Mass.

421 (1974) as restricted by **Commonwealth v. Vitello,** 376 Mass. 426 (1978). The jury having been impanelled, proceedings were suspended for a portion of the trial day to enable Miss Walker to travel to Boston for her preliminary examination.

The results of this preliminary examination were favorable to Miss Walker as to the unarmed robbery charge but were inconclusive on the assault and battery with a dangerous weapon indictment. Defense counsel shared the results of the preliminary investigation with the prosecution, and both apparently saw some benefit from the admission of this evidence. Counsel thereupon agreed between themselves that the preliminary examination might be treated as though it were a court-ordered examination and, should Miss Walker choose to testify, the results of the polygraph examination would be used to corroborate or impeach her testimony. At this time, Miss Walker's attorney made it clear to the court that, should he call the polygraph examiner to testify, he would be seeking reimbursement for the costs of the preliminary examination and an expert's fee for the testimony. The court responded by noting that it had not authorized any payment, nor had any been sought, for the preliminary examination and that it was not then authorizing the expenditure of any funds, either for the examination itself or for securing the testimony of the examiner.

The trial proceeded. Miss Walker testified, the polygraph examiner was called and testified extensively under both direct and cross-examination, and the jury acquitted her of both counts of unarmed robbery and assault and battery with a dangerous weapon, convicting her only of so much of the latter indictment as charged assault and battery.

On December 21, 1981, defense counsel moved that the expenses of the polygraph examination and the expert's fee due for the testimony of the examiner be paid by the Office of the Chief Administrative Justice pursuant to G.L. c. 261, secs. 27A-G. On December 23, 1981, this motion was denied with written findings and rulings made from the bench. It is important to note that this denial is grounded **not** on the lack of appropriated funds to pay for such costs, compare **Commonwealth v. Richards,** Plymouth Superior Court No. 46795 (memorandum of November 27, 1981, and memorandum, order on motion for reconsideration, and report of February 8, 1982), but because Walker is not entitled to any such payment under the terms of G.L. c. 261, sec. 27C.

Walker duly appealed to a single justice of the Appeals Court pursuant to G.L. c. 261, sec. 27D, and, on January 20, 1982, the single justice entered the following order:

> The concerns noted by the motion judge in his findings in support of his order of December 23, 1981, denying the defendant's motion for expenses, G.L. c. 261, sec. 27C, appeared to have been addressed (and resolved) administratively as indicated in the attached letter dated December 23, 1981, from the Chief Administrative Justice to the (Chief Justice of the Superior Court). In view of this communication, I will take no action on the within appeal brought under G.L. c. 261, sec. 27D, and I instead direct counsel for the defendant to move for reconsideration of his motion before the Superior Court Judge who initially heard and denied the motion.

**Commonwealth v. Walker,** Appeals Court No. 82-0017-CV (order of January 20, 1982). It will be noted that this is—save for the reference to the date of this court's order—the identical order that has been entered by another single justice of the Appeals Court in the **Richards** and related cases.

Unfortunately, counsel in the Walker case appear to have failed to apprise the single justice of the grounds of this court's action. The reference to the Chief Administrative Justice is, in the

circumstances of the **Walker** case wholly inapposite. The **Walker** motion for expenses has nothing to do with lack of funding provided by the legislature. Walker's motion was denied because she has no right to Commonwealth payment of the expenses she seeks. Not only has the Chief Administrative Justice no authority to act in the premises, he has not even been consulted in this case as the matter turns on a question of statutory interpretation which is entirely the province of this court.

Nevertheless, in view of the order of the single justice of the Appeals Court, counsel for Walker has moved for reconsideration, and this court has reconsidered the matter. This court adheres to its earlier ruling and denies the motion for reconsideration without hearing.

There is no necessity for a further hearing. The facts are not in dispute in any particular. The legal reasoning upon which the earlier denial of the motion was based is fully set forth in **Commonwealth v. Richards,** Plymouth Superior Court No. 46795 (memorandum, order on motion for reconsideration and report dated February 8, 1982 at pp. 21-23 and n.10 and 11). That reasoning is incorporated herein by reference without the necessity for restatement.

Indeed, the only significant question that arises on rehearing is why this court, in **Commonwealth v. Vargas,** (one of the related cases fully discussed in **Commonwealth v. Richards,** ibid.), was prepared to allow a motion for expenses had funding been available when such motion was made by an indigent criminal defendant seeking an expert's fee to be paid to a neurologist who had already examined him and formed his opinions thereon, whereas in **Commonwealth v. Walker** this court denied the motion for expenses made by an indigent criminal defendant who seeks an expert's fee for a polygraph examiner who had examined her and testified on her behalf at trial. The distinction is a simple one. In **Vargas,** we do not yet have the testimony of the neurologist. "Given the extremely broad reading of the statute adopted by the

Appeals Court in **Commonwealth v. Bolduc,** Mass. App. Ct. Adv. Sh. (1981) 1911, which reasoning was not expressly disavowed by the Supreme Judicial Court in **Commonwealth v. Bolduc,** Mass. Adv. Sh. (1981) 1355, 1354, it is appropriate to conclude that the statute requires the payment of expert witness fees to experts called by the defendant to ensure that the experts are as forthcoming and cooperative as they would be were they hired by a fee-paying client." **Commonwealth v. Richards,** Plymouth Superior Court No. 46795 (memorandum, order on motion for reconsideration, and report of February 8, 1982 at p. 23 n.11). In contrast, Walker's counsel has proceeded, well knowing that he had no prior authorization to expend the funds of the Commonwealth, and has engaged a polygraph examiner, caused a preliminary polygraph examination to be held, and secured the favorable testimony of the examiner during the course of the trial, apparently without the need for a subpoena. Indeed, the results appear to be all that Miss Walker could have wished. In these circumstances, it is not appropriate to charge the Commonwealth with the expense of having the polygraph examiner recite the results of his examination before the jury—both because it is nothing more than the recitation of an opinion already formed which could have been secured by the use of a subpoena, and also because any other approach will allow counsel, without court supervision, to make whatever arrangements they deem appropriate with trial-related experts and then, perhaps much later, come in and require the court to approve the bills. This puts the cart before the horse and reduces the judicial role to nothing more than ensuring the regularity of the vouchers presented.[1] For

---

1. Constitutional doubts also arise were this course to be followed. I doubt whether it is constitutional to delegate to private counsel for indigents the power to obligate the Commonwealth to the payment of certain expenses without prior judicial authorization.

these reasons, after careful reconsideration, this court concludes that, while it would be appropriate to authorize the payment of an expert fee to the neurologist sought by Mr. Vargas, the governing statute does not authorize the payment of the costs of the polygraph examination and expert's fee to Miss Walker or her counsel. Accordingly, the motion for reconsideration is denied.

One further point deserves comment. The matter of the payment of these expenses is, as the single justice of the Appeals Court has noted in assigning a docket number to it, essentially a civil matter. Unfortunately, it presents the unseemly picture of a public officer of the Commonwealth, i.e. an attorney for the Massachusetts Defenders Committee, burdening the limited judicial resources of the Commonwealth—not with matters that could conceivably redound to the benefit of his client, but rather with a claim which, simply put, is nothing more than a plea that certain expenses be shifted from the budget of the Massachusetts Defenders Committee to the budget of the Office of the Chief Administrative Justice. The real party in interest appears to be the polygraph examiner himself. The record is silent as to whether he has, in fact, been paid for his services. If not, he is entitled to pursue whatever claim he may have against anyone who has contracted for his services. Surely this court has not. On the other hand, if the Massachusetts Defenders Committee has paid the polygraph examiner's bill, and are thus subrogated to his claim, then, perhaps, they are entitled to pursue this matter in their own right. In any event, pursuant to Mass. R. Civ. P. 17(a), this court directs that further proceedings with respect to these expenses be conducted in the name of the real party in interest, whoever that may be.

By the Court,

**William G. Young**
**Justice of the Superior Court**